J-S34039-25

2025 PA Super 262

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KIER KYLEEL PHINN :
:
Appellant : No. 262 MDA 2025

Appeal from the Judgment of Sentence Entered January 27, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001074-2024

BEFORE: STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

OPINION BY BENDER, P.J.E.: **FILED NOVEMBER 18, 2025**

Appellant, Kier Kyleel Phinn, appeals from the judgment of sentence of 12 months' probation, imposed after he was convicted, following a non-jury trial, of possession of a controlled substance (marijuana), 35 P.S. § 780-113(a)(16). Herein, Appellant solely challenges the trial court's denial of his pretrial motion to suppress, arguing that police officers did not have reasonable suspicion to conduct an investigative detention of Appellant. We affirm.

Appellant was arrested and charged with the above-stated offense after he was stopped while walking down the street and found to be in possession of marijuana. Prior to trial, he filed a motion to suppress, arguing that his stop was illegal because officers lacked reasonable suspicion to detain him. A hearing was held on October 10, 2024. The trial court summarized the evidence presented at that hearing, as follows:

On January 23, 2024, Officer [Seth] Grove … and Officer Casteel,[1] of the York City Police Department[,] were patrolling in a marked patrol unit on the 500 block of West Mason Avenue. (Omnibus Pretrial Hearing Transcript, October 10, 2024, at 4-6). Upon patrolling, [Officer Grove] smelled the odor of burnt marijuana coming from [Appellant,] who was walking down the street. (*Id.*[] at 6, 10). [Officer Grove] observed [Appellant] holding what he believed was a smoking instrument[,] … bring the device to his mouth[,] and smoke [come] from his person. (*Id*[*.*]).

[Officer Grove] initiated a … stop of [Appellant]. (*Id.*[] at 7). During the … stop, [Appellant] possessed only a cell phone in his hand. (*Id.*[] at 12). [Officer Grove] inquired into whether [Appellant] was smoking [m]arijuana and [Appellant] admitted to smoking marijuana earlier. (*Id.*[] at 8). [Appellant] was then arrested and handcuffed. (*Id.*[] at 14). After the arrest, [Appellant] admitted to having additional marijuana on his person and stated that he did not possess a medical marijuana card. (*Id.*[] at 8).

Trial Court Opinion (TCO), 4/28/25, at 1-2.

The trial court further summarized the procedural history of Appellant's case, as follows:

[Appellant] was charged with … [p]ossession of a [c]ontrolled [s]ubstance … and [m]arijuana — [s]mall [a]mount for [p]ersonal [u]se….[2]

On August 5, 2024, [Appellant], by and through his counsel, Clasina Houtman, Esquire (hereinafter referred to as "trial counsel"), filed an Omnibus Pretrial Motion to Suppress.

On October 10, 2024, this court held an Omnibus Pretrial Hearing in this matter. At the conclusion of the hearing, this court granted [Appellant's] Omnibus Motion in part and denied the Motion in

---

[1] Officer Casteel's first name is not included in the certified record.

[2] 35 P.S. § 780-113(a)(31)(i). This charge was ultimately dismissed.

part. All statements made after handcuffing and prior to being [*M*]*irandized*[3] were ordered to be excluded.

On January 27, 2025, this court held a stipulated bench trial to preserve the omnibus pretrial issues presented. Counsel stipulated to the facts contained in the affidavit of probable cause and the facts presented at the suppression hearing. At the conclusion of the trial, this court found [Appellant] guilty of … [p]ossession of a [c]ontrolled [s]ubstance…. [Appellant] was sentenced [that same day] to twelve (12) months of probation, payment of costs, and [ordered to] follow-through with any treatment.

On February 25, 2025, [Appellant], by and through his appellate counsel, filed a Notice of Appeal to the Superior Court. That same day, this court directed [Appellant] to file a [Pa.R.A.P. 1925(b)] Statement of Matters Complained of on Appeal.

*Id.* at 2-3. Appellant timely complied, and the trial court thereafter filed its Rule 1925(a) opinion.

Herein, Appellant states the following issue for our review: "Did the suppression court err in denying [Appellant's] pretrial omnibus motion to suppress the stop and seizure of [Appellant] and all evidence flowing therefrom where there was no reasonable suspicion to conduct an investigative detention of [Appellant]?" Appellant's Brief at 4 (unnecessary capitalization omitted).

We begin by observing that,

[o]ur standard of review in addressing a challenge to the denial of a suppression motion is

limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.

---

3 *See **Miranda v. Arizona**,* 384 U.S. 436 (1966).

> Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the legal conclusions are erroneous. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Morrison*, 166 A.3d 357, 363 (Pa. Super. 2017) (citation omitted).

Additionally, this Court has explained:

> The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures, including those entailing only a brief detention. Specifically, police officers may not conduct a warrantless search or seizure unless one of several recognized exceptions applies. If a defendant's detention violates the Fourth Amendment, then any evidence seized during that stop must be excluded as fruit of an unlawful detention.

> We categorize police interactions with members of the public into three general tiers of increasing intrusiveness, which require increasing levels of suspicion on the part of an officer who initiates them: (1) mere encounters, which require no suspicion; (2) investigative detentions, which require reasonable suspicion; and (3) custodial detentions, which require probable cause.

> In determining whether police had reasonable suspicion to initiate an investigative detention, the fundamental inquiry is an objective one, namely, whether the facts available to police at the moment of the intrusion warrant a [person] of reasonable caution in the belief that the action taken was appropriate. Demonstrating reasonable suspicion requires that the detaining officer articulate something more than an inchoate and unparticularized suspicion or hunch.

Historically, Pennsylvania courts have held that the smell of marijuana alone was sufficient to establish a reasonable suspicion of criminal activity. However, after the passage of the [Medical Marijuana Act (MMA), 35 P.S. §§ 10231.101—10231.2110,] and legalization of medical marijuana in the Commonwealth, our Supreme Court revisited this issue. In **Commonwealth v. Hicks**, … 208 A.3d 916 ([Pa.] 2019), our Supreme Court held that "conduct in which hundreds of thousands of Pennsylvanians are licensed to engage lawfully" is, on its own, "an insufficient basis for reasonable suspicion that criminal activity is afoot." **Hicks**, … 208 A.3d at 945….

Further, in **Commonwealth v. Barr**, … 266 A.3d 25 ([Pa.] 2021), the Court recognized that although "the MMA makes abundantly clear that marijuana no longer is *per se* illegal in this Commonwealth[,]" the possession of marijuana is still illegal under the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780-101-144, "for those not qualified under the MMA." **Barr**, … 266 A.3d at 41. Accordingly, the **Barr** Court held that "the odor of marijuana may be a factor, but not a stand-alone one, in evaluating the totality of the circumstances for purposes of determining whether police had probable cause to conduct a warrantless search." **Id.**

**Commonwealth v. Mercedes**, No. 1275 MDA 2021, unpublished memorandum at 4-6 (Pa. Super. filed Sept. 23, 2022) (some internal citations and quotation marks omitted).[4]

Here, Appellant contends that the trial court erred by denying his motion to suppress because Officers Grove and Casteel did not have reasonable suspicion to initiate his investigative detention. According to Appellant, "the only thing [the officers] observed was an odor of marijuana and smoke coming from [Appellant's] person. This, without more, was not enough to give reasonable suspicion[,]" as the Pennsylvania Supreme Court has made it clear

---

[4] We may cite unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, for their persuasive value. **See** Pa.R.A.P. 126(b).

- 5 -

in **Barr** that marijuana is "no longer … *per se* illegal in this Commonwealth." Appellant's Brief at 12.

However, in **Commonwealth v. Felder**, No. 1082 MDA 2021, unpublished memorandum (Pa. Super. filed Aug. 9, 2022), we concluded that "[b]ecause the MMA does not permit **the smoking of marijuana**, 35 P.S. § 10231.304(b)(1); **Barr**, 266 A.3d at 41 n.13, knowledge that [Felder] had paraphernalia for smoking marijuana gave the [o]fficer … reason to believe the marijuana was being used illegally." **Id.** at *10 (emphasis added). Additionally, in **Mercedes**, we concluded that reasonable suspicion to conduct an investigative detention existed where officers "observed a cigarillo being smoked, and specifically smelled the odor of burnt marijuana." **Mercedes**, No. 1275 MDA 2021, unpublished memorandum at 8. **See also Commonwealth v. Sloan**, 303 A.3d 155, 166 (Pa. Super. 2023) (stressing that "the MMA does not permit the smoking of medical marijuana," and holding that an officer had reasonable suspicion to detain Sloan based on the smell of burnt marijuana coming from his vehicle and the officer's observations of Sloan's bloodshot and glassy eyes).

Although Appellant acknowledges **Felder** and **Mercedes**, he argues that here, "Officer Grove testified that he smelled the odor of burnt marijuana and saw [Appellant] walking with 'some type of smoking instrument in his hand' and smoke coming from [Appellant's] person, but he could not say what the instrument was and admitted it could have been a vape." Appellant's Brief at 14 (citing N.T. Suppression Hearing, 10/10/24, at 6, 10). Appellant points

out that "it is legal, under the MMA, to administer [marijuana] by 'vaporization.'" *Id.* at 15 (citing 35 P.S. § 10231.303(b)(2)(iv)). Therefore, even though Appellant concedes it is unlawful to **smoke** marijuana, he insists that Officer Grove failed "to articulate in any way [that] he saw [Appellant] smoking." *Id.* at 14. Since the officer could have simply seen Appellant using marijuana by vaporization, Appellant concludes that the officer lacked reasonable suspicion to detain him.

We disagree. Initially, the cases discussed *supra* do not require that an officer actually observe an individual smoking marijuana for reasonable suspicion to arise. Instead, those cases indicate that the **smell of burnt marijuana** is sufficient to support a reasonable suspicion that an individual smoked marijuana in violation of the MMA. Here, Officer Grove repeatedly stated that he smelled the odor of **burnt** marijuana. N.T. Suppression Hearing at 10, 13. Moreover, the officer also observed Appellant use "some type of smoking instrument in his hand[,]" and "smoke come off his person…." *Id.* at 6. The officer testified that he knows smoking marijuana is an illegal activity. *Id.* Although the officer admitted that he could not specifically see "what kind of smoking device" was in Appellant's hand, and he stated it "could have been" a vape, *id.* at 10, Appellant did not have any vape in his hand when the officers approached him. *Id.* at 11. Additionally, Officer Grove testified that burnt marijuana smells "a lot stronger" than "[m]arijuana smoke from [a] vape…." *Id.* at 14.

Based on Officer Grove's smelling an odor of burnt marijuana, his observations of Appellant's smoking something, his understanding that the smoking of marijuana is unlawful, and his knowledge that burnt marijuana smells stronger than vaporized marijuana, we conclude that Officer Grove had reasonable suspicion to detain Appellant to further investigate whether he illegally possessed marijuana. As such, the court did not err in denying this aspect of Appellant's motion to suppress.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/18/2025